# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| DEVONTE LAMAR JACKSON | ) | Case No. |
| | ) | 1:19MJ 207 |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 18, 2019__ in the county of __Durham__ in the __Middle__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached affidavit of Special Agent Eric Nye

☑ Continued on the attached sheet.

*Complainant's signature*

Eric Nye, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/18/19

*Judge's signature*

City and state: Greensboro, North Carolina

L. Patrick Auld, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Eric Nye, being duly sworn, do hereby depose and state:

1. I am a Special Agent for the Department of Justice, Federal Bureau of Investigation (DOJ/FBI). I have been a Special Agent since 2006. I was initially assigned to the Lawton Resident Agency of the Oklahoma City field office and worked criminal investigations there, including violations that took place on Fort Sill and Indian Reservations. In 2008, I was assigned to the Safe Streets Task Force (SSTF) of the Baltimore field office and investigated violent criminal enterprises and drug trafficking organizations in Baltimore City. I have been assigned to the Raleigh/Durham Safe Streets Task Force (RDSSTF) of the Charlotte field office since May 2016. Since being assigned to the RDSSTF, I have worked investigations into violent street gangs and narcotics distribution.

2. Because this affidavit is being submitted for the limited purpose of seeking a criminal complaint, I have not set forth each and every fact learned during the course of this investigation, nor have I necessarily set forth all facts which support the authorization sought. Nor do I request that this Court rely upon any facts not set forth herein in reviewing this affidavit in support of the Application for this complaint.

1

## Introduction

3. This affidavit is made in support of a complaint against **DEVONTE LAMAR JACKSON, a/k/a "VONTE,"** of 3031 Weymouth Street, Apartment G-4, Durham, North Carolina, charging that on May 18, 2019, MACK, having been previously convicted of a felony punishable by a term of imprisonment exceeding one year, possessed a firearm in and affecting interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## Details of the Investigation

4. On May 18, 2019, at or about 6:29 pm, Officer Seigler of the Durham Police Department (DPD) responded to a disturbance at 3817 Dearborn Drive, Durham, North Carolina. While departing from 3817 Dearborn Drive, Officer Seigler saw a gray car, later identified as a Ford Focus, traveling at a high rate of speed on Dearborn Drive towards Old Oxford Road.

5. Officer Seigler began to follow the gray Ford Focus and attempted a traffic stop. The Ford Focus made a sharp right turn onto Cannada Avenue and pulled into the first driveway on the right. As the vehicle came to a complete stop in the driveway, Officer Seigler saw the driver's door open and a black man, subsequently identified as DEVONTE LAMAR JACKSON, exit the vehicle, holding a firearm.

6. Officer Seigler got out of his patrol car and began a foot pursuit of JACKSON, who ran around the corner of a nearby house and across Dearborn Drive at Cannada Avenue. Officer Seigler saw JACKSON put the firearm into the front waistband of his pants. JACKSON then ran toward the rear of a house where he fell, got up, and continued to run away. Officer Seigler was able to catch up to JACKSON in a wooded area where he pinned him against a tree.

7. JACKSON wrapped both his arms around the tree while Officer Seigler gave him commands to stop resisting and place his hands behind his back. JACKSON continued to resist arrest and was able to free one of his arms. With his free hand, JACKSON attempted to reach for Officer Seigler's Taser, located on the front of his duty belt. At the same time, Officer Seigler attempted to gain control of JACKSON's hand to prevent him from reaching for the firearm that was in his (JACKSON's) waistband.

8. JACKSON was able to grab Officer Seigler's Taser, remove it from the holster, and deploy two Taser probes into the front of Officer Seigler's right thigh, causing a slight neuromuscular incapacitation. JACKSON deployed the Taser second time, this time missing him. JACKSON then pressed the Taser against Officer Seigler's body.

9. Officer Seigler struck JACKSON several times while attempting to regain control of the Taser. Officer Seigler was able to disengage from

JACKSON and, after creating distance from him, drew his duty handgun, pointed it at JACKSON, and commanded that he show his hands.

10. JACKSON dropped the Taser and fled. Responding officers found Officer Seigler bleeding from the face with abrasions on his face, arms, and neck. Officer Seigler was able to identify the direction JACKSON fled, which was into the woods between Dearborn Drive and Denver Avenue.

11. DPD officers with K-9 Miki conducted a K-9 track and located a firearm magazine loaded with 9mm ammunition and a Ruger 9e 9mm firearm, bearing serial number 33761351, lying on the ground in the woods in the direction that JACKSON had fled. The firearm was later determined to be stolen from Durham, North Carolina. During the K-9 track, officers also found JACKSON's hat, his watch, his necklace, and Officer Seigler's Taser. JACKSON was able to evade law enforcement and was not apprehended.

12. Officers searched JACKSON's gray Ford Focus, bearing North Carolina registration plate ECS-7688, where they found a cellular phone lying on the front passenger seat. The phone was locked, but the screen saver was viewable and displayed an image of JACKSON posing with an unidentified male. Officer Seigler recognized the image of JACKSON as the same individual from the previous encounter. Officer Seigler then positively identified DEVONTE LAMAR JACKSON's Division of Motor Vehicles photograph as being the same aforementioned individual.

4

13. On May 19, 2019, the County of Durham issued arrest warrants charging JACKSON with numerous state criminal violations, including assault on a government official and felon in possession of a firearm.

14. On June 17, 2019, personnel with the RDSSTF assisted the DPD with the apprehension and arrest of JACKSON on state arrest warrants. After waiving his *Miranda* rights, JACKSON was interviewed and admitted to his involvement in the May 18, 2019 incident with Officer Seigler. JACKSON also admitted that he possessed the firearm that Officer Seigler saw and that was later recovered during the K-9 track. JACKSON said he found the firearm on the side of the road a few days prior to his interaction with Officer Seigler on May 18, 2019.

15. JACKSON was convicted on May 25, 2010 in the Superior Court of Durham County of Conspiracy to Commit Assault with a Deadly Weapon Inflicting Serious Injury and sentenced to a term of imprisonment no less than eleven months and no more than fourteen months. On May 10, 2011, JACKSON was convicted in the same court of Possession of a Firearm by a Felon and sentenced to a term of imprisonment no less than twelve months and no more than fifteen months. On July 14, 2015, JACKSON was convicted in the same court of Possession with Intent to Manufactured, Sell, and Deliver a Schedule II Controlled Substance and sentenced to a term of imprisonment no less than seven months and no more than eighteen months.

16. Based upon my prior experience and the markings on the slide, the Ruger 9e 9mm firearm that JACKSON admitted to possessing was manufactured outside of the State of North Carolina. Therefore, it passed in and affected interstate commerce prior to JACKSON's possession of the same.

_____

## Conclusion

Based on the facts set forth above, there is probable cause to believe that on May 19, 2019, **DEVONTE LAMAR JACKSON** knowingly possessed a firearm as a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

_____
Eric Nye, Special Agent
Federal Bureau of Investigation

**Subscribed and Sworn** to before me and in my presence, this 18th day of June 2019, at 1PM in Greensboro, North Carolina.

_____
L. Patrick Auld
United States Magistrate Judge

7